UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MX. JOSEPH "JOYBEAR" LEE, PH.D., <br><br> Plaintiff, <br><br> -against- <br><br> DANIEL WERNER; JULIANNA MCCORKLE; CITY OF MALDEN; MALDEN POLICE DEPARTMENT; OFFICER GEORGE MACKAY #252; KEVIN J. RUSSELL #338; SGT. T. HEADLY #239; OFC. CHALMERS #354, <br><br> Defendants. | 26-CV-230 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, Mx. Joseph "Joybear" Lee, Ph.D., brings this *pro se* action under the court's diversity jurisdiction, alleging that officers of the Malden Police Department used excessive force against Plaintiff in Malden, Massachusetts, and that Massachusetts-based public defenders committed legal malpractice while Plaintiff was residing in New York. Named as Defendants are the two Massachusetts-based public defenders, Daniel Werner and Julianna McCorkle; the City of Malden; the Malden Police Department; and four employees of the Malden Police Department. Plaintiff provides Massachusetts addresses for all Defendants in this action. For the following reasons, the Court transfers this action to the United States District Court for the District of Massachusetts.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated Plaintiff's rights when officers of the Malden Police Department used excessive force and Plaintiff's Massachusetts-based attorneys committed malpractice. Plaintiff's complaint indicates that nearly all relevant events took place in Massachusetts. Plaintiff's only basis for laying venue in this district appears to be the allegation that Plaintiff communicated with the Massachusetts-based attorneys while Plaintiff was in New York. (ECF No. 1, at ¶¶ 6-7.) Even if that allegation was sufficient to lay venue in this district under 28 U.S.C. § 1391(b)(2), because the events giving rise to Plaintiff's claims occurred in Massachusetts, venue would also be proper under Section 1391(b)(2) in the District of Massachusetts.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Malden, Massachusetts, where all Defendants appear to be employed and where nearly all relevant events occurred, and it is reasonable to expect that the relevant documents and witnesses also would be in Malden. Moreover, Plaintiff's common law claim of conversion, which allegedly arose in Massachusetts, is best adjudicated in a forum that is more familiar with the governing legal standards for that state-law claim. The District of Massachusetts therefore appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Massachusetts. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Massachusetts.

Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A decision on Plaintiff's pending motion for service by the U.S. Marshals Service (ECF No. 4) is reserved for the transferee court. The Court directs the Clerk of Court to terminate the motion pending at ECF No. 4.

A summons shall not issue from this court. This order closes this case in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 16, 2026
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge